## SAM HALL v. STATE.

No. A-7942.   Opinion Filed March 21, 1931.
(297 Pac. 319.)

Marvin Shilling, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called the defendant, was convicted of selling whisky to J. P. Bruce, a minor, and was sentenced to pay a fine of $100, and be imprisoned in the penitentiary at McAlester for one year.   From the judgment the defendant has appealed.

The testimony on behalf of the state, in substance, is as follows:

J. P. Bruce testified he went to the defendant on the night of July 27, 1929, and bought three half pints of whisky, paying $3 for the whisky.

Vernon Young testified he was with J. P. Bruce and saw him buy the whisky and pay for it.

Some of the officers testify to finding these young men drunk and putting them in jail.   The boys admit the officers told them if they would tell where they got the whisky they would turn them loose.

The defendant's defense is an alibi. He called witnesses to show that he left his home about 7 o'clock in the evening and was at the farm of Mr. Ellis until about 10 o'clock at night, and therefore was not in Ardmore at the time of the alleged offense. The defendant did not testify.

Several errors are assigned by the defendant as grounds for reversal of this case. The first assignment of error is that the court erred in overruling his motion for a new trial. It is argued by the defendant that his testimony was sufficient to show that he was not in Ardmore at the time of the alleged offense, and therefore could not be guilty. On the other hand, the testimony of the state is positive that three half pints of whisky were purchased from the defendant by the state's witnesses. The testimony is in direct conflict, and this court will not attempt to settle a conflict in the testimony but will leave that to the jury. This court has often held that where the testimony is conflicting if there is any competent testimony to warrant the court in submitting the case to the jury and the jury found the defendant guilty, it would not disturb the verdict.

The testimony in this case is sufficient to sustain the verdict. There are no errors in the record sufficient to justify this court in reversing the case.

The judgment of the lower court is affirmed.

CHAPPELL and EDWARDS, JJ., concur.